IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| JESSICA BJOEREDAHL, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 3:26-CV-41. |
| WHATFIX INC., | ) |
| Defendant. | ) |

## NOTICE OF REMOVAL

Defendant Whatfix Inc. ("Defendant") hereby notices the removal of this action pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441, and 1446 to the United States District Court for the Western District of North Carolina and as grounds therefore states:

**I.      Timeliness of Removal**

1. On or about December 17, 2025, Defendant was served, via its registered agent, with a copy of Plaintiff Jessica Bjoeredahl's Civil Summons and Complaint related to a civil action pending in the General Court of Justice, Superior Court Division, for Mecklenburg County, North Carolina, designated as File No. 25-CV-065670-590. A copy of the Civil Summons issued to Defendant and Complaint are attached as **Exhibit A**, as required under 28 U.S.C. § 1446(a). Other than what is enclosed at Exhibit A, no other process, pleadings, or orders have been served upon or received by Defendant in this action to date.

2. Accordingly, Defendant is timely filing this Notice of Removal in advance of 30 days after service of process, as required by 28 U.S.C. § 1446(b).

## II. Venue[1]

3. The General Court of Justice, Superior Court Division for Mecklenburg County, North Carolina, is located within the Charlotte Division of the United States District Court for the Western District of North Carolina. Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

## III. Basis for Removal: Federal Question Jurisdiction

4. This action is properly removable under 28 U.S.C. § 1441(c), because the United States District Court has original jurisdiction pursuant to 28 U.S.C. § 1331, which provides: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

5. Plaintiff's employment-related Complaint alleges that Defendant retaliated against her and subjected her to a retaliatory hostile work environment in violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C. §§ 2000e, et seq.) (hereinafter, "Title VII claims") (*See* **Exhibit A**, Complaint ¶¶ 1, 65-83). Plaintiff also asserts related claims under North Carolina law, including for wrongful termination in violation of North Carolina public policy as stated in the North Carolina Equal Employment Practices Act, N.C.G.S. § 143-422.1 *et seq.*, and for negligent supervision and retention. (***See Id.***, Compl., ¶¶ 1, 84-102).

6. By asserting claims under federal law, namely, Title VII of the Civil Rights Act of 1964, Plaintiff's Complaint asserts federal questions under 28 U.S.C. § 1331. Accordingly, this case is properly removable under 28 U.S.C. § 1441(a).

---

[1] During her employment, Plaintiff entered into an arbitration agreement with Defendant, agreeing to arbitrate, *inter alia*, the claims asserted in this lawsuit. If Plaintiff refuses to stipulate to arbitration, Defendant plans to file a motion to compel arbitration with this Court. Nothing herein is intended to or should be construed to waive Defendant's right for this case to be arbitrated, as the parties agreed to do.

**IV. Basis for Removal: Diversity Jurisdiction**

7. This action is properly removable under 28 U.S.C. § 1441(b) because the United States District Court has jurisdiction over the matter pursuant to 28 U.S.C. § 1332(a), which provides, "The district courts shall have original jurisdiction of all civil actions where the matter is controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between…citizens of different States…."

   **A. Diversity of Citizenship**

8. Upon information and belief, Plaintiff is a citizen and resident of Mecklenburg County, North Carolina. (*See Id.*, Compl., ¶ 2).

9. Defendant Whatfix Inc. is a corporation incorporated in Delaware with its principal place of business in California.

10. Complete diversity of citizenship exists, and this case is therefore removable under 28 U.S.C. § 1441(b).

   **B. The Amount in Controversy Exceed $75,000**

11. Further, the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. In her Complaint, Plaintiff alleges that as a result of her Defendant's actions, she has "lost wages,"[2] lost benefits, been subjected to emotional pain and suffering, embarrassment, and inconvenience, and is entitled to an award of compensatory and punitive damages "in excess of $25,000." (*See Id.*, Compl. ¶¶ 74, 90, 100, Prayer for Relief ¶ B). Plaintiff alleges that she seeks to recover "[a]ctual, consequential, statutory, and special damages," economic and compensatory damages, including, but not limited to, "those for past and future

---

[2] Plaintiff's alleged lost wages alone would likely exceed the amount in controversy. Plaintiff earned an annual salary of $140,000. Assuming Plaintiff has not returned to work since her termination, her back wages to date could be argued to be approximately $269,230.

pecuniary and non-pecuniary losses, emotional distress, pain, inconvenience, mental anguish and loss of enjoyment of life," punitive damages, reasonable attorneys' fees and costs of the action, in addition to all other damages allowable by law, and asks that the Court grant other "monetary relief as the Court may deem just and Proper." (*See Id.*, Compl., Prayer for Relief ¶¶ A-H).

12. Additionally, under North Carolina law, Plaintiff may recover punitive damages of $250,000 or three times the amount of compensatory damages awarded, whichever is greater. N.C.G.S. § 1D-25(b). *See Chek v. State Farm Fire and Cas. Co.*, No. 5:13-CV-378, 2014 WL 12680676, at *3 (E.D.N.C. March 17, 2014) ("In addition to compensatory and statutory damages, punitive damages may be included for the purpose of determining the amount in controversy.") (internal quotations and citations omitted); *see also Crespo v. Delta Apparel, Inc.*, No. 5:07CV65, 2008 WL 2986279, at *3 n. 6 (W.D.N.C. July 31, 2008) (explaining that a "[pl]aintiff may also be entitled to punitive damages if able to demonstrate a wrongful discharge in violation of public policy") (citing *Roberts v. First Citizens Bank & Trust Co.*, 124 N.C. App. 713, 715, 478 S.E.2d 809, 810 (1996)).

13. Therefore, between her claims for actual, compensatory, and punitive damages, the amount in controversy is clearly alleged to be in excess of $75,000.

14. Thus, this Court has jurisdiction over the matter pursuant to 28 U.S.C. § 1332 because complete diversity exists between Plaintiff and Defendant and the amount in controversy exceeds $75,000, exclusive of interests and costs.

## V. Supplemental Jurisdiction

15. This Court has supplemental jurisdiction over Plaintiff's state law claims for wrongful discharge in violation of North Carolina public policy and negligent retention and supervision (*Id.* at ¶¶ 1, 84-102). Pursuant to 28 U.S.C. § 1367, this Court has supplemental

4
Case 3:26-cv-00041-MOC-DCK    Document 1    Filed 01/16/26    Page 4 of 7

jurisdiction over all other claims that are so related to Plaintiff's federal causes of action "that they form part of the same case or controversy under Article III of the United States Constitution." State law claims fall within this Court's supplemental jurisdiction when they share with the federal claims "a common nucleus of operative fact … such that [the plaintiff] would ordinarily be expected to try them all in one judicial proceeding." *United Mine Workers of Am. V. Gibbs*, 383 U.S. 715, 725 (1966).

14. Here, Plaintiff's state law claims are closely related to her Title VII claim and like the Title VII claim, based on the theory that Plaintiff was retaliated for engaging in protected activity, which she alleges violates the public policy of North Carolina as set forth in the North Carolina Equal Employment Practices Act, N.C. Gen. Stat. § 143.422.2, and that Defendant failed to take adequate steps to stop Plaintiff's supervisors' alleged unlawful treatment of Plaintiff, thereby supporting a negligent retention and supervision claim. (*Id*. at ¶¶ 1, 84-102). Therefore, this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. Moreover, there is no reason why this Court should not exercise supplemental jurisdiction over Plaintiff's state law claims. Plaintiff's state law claims neither raise novel or complex issues of state law nor predominate over the claims over which this Court has original jurisdiction, and there are no exceptional circumstances or other compelling reasons for this Court to decline supplemental jurisdiction. *See* 28 U.S.C. § 1367(c). Thus, removal is proper under 28 U.S.C. § 1441(c).

VI. **Conclusion**

In accordance with 28 U.S.C. § 1446, copies of this Notice of Removal will be promptly served upon counsel for all parties and filed with the Clerk of Superior Court of Mecklenburg

County. A copy of Defendant's Notice of Filing of Notice of Removal to the state court is attached hereto as **Exhibit B**.

By removing this matter, Defendant does not waive or intend to waive any defense, including, but not limited to, insufficiency of process and insufficiency of service of process.

WHEREFORE, Defendant removes this case and respectfully requests that this Court take jurisdiction of this action and issue all necessary orders and process to remove it from the General Court of Justice, Superior Court Division for Mecklenburg County, North Carolina, to the United States District Court for the Western District of North Carolina.

Dated this the 16th day of January, 2026.

Respectfully submitted,

/s/S. Abigail Littrell
N.C. Bar No. 49354
/s/Virginia M. Wooten
N.C. Bar No. 48180
*Attorneys for Defendant*
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
201 South College Street, Suite 2300
Charlotte, NC  28244
Telephone:  704-342-2588
Facsimile:  704-342-4379
Email:  abby.littrell@ogletree.com
virginia.wooten@ogletree.com

# CERTIFICATE OF SERVICE

I, S. Abigail Littrell, hereby certify that I have this day electronically filed the foregoing **NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system which will send notice of the same to the following individual:

P. Sunny Panyanouvong-Rubeck
HKM Employment Attorneys LLP
3623 Latrobe Drive, Unit 112
Charlotte, NC 28211
Telephone: (980) 734-3851
Email: spanyanouvong-rubeck@hkm.com

*Attorney for Plaintiff*

Dated this the 16th day of January, 2026.

    Respectfully submitted,

    /s/S. Abigail Littrell
    N.C. Bar No. 49354
    /s/Virginia Wooten
    N.C. Bar No. 48180
    *Attorneys for Defendant*
    OGLETREE, DEAKINS,
    NASH, SMOAK & STEWART, P.C.
    201 South College Street, Suite 2300
    Charlotte, NC  28244
    Telephone:  704-342-2588
    Facsimile:  704-342-4379
    Email:  abby.littrell@ogletree.com
    virginia.wooten@ogletree.com